KATZBAUER v. BARRET

INSURANCE—ACTION FOR INDEMNITY—TRUE PARTY IN INTEREST.
Insurance companies are not true parties in interest and are not entitled to bring an action for indemnification, nor under the guise of such an action to obtain a declaratory judgment, where there is a cross-claim for indemnification by defendant in an automobile accident case against co-defendant and both defendants are found liable to plaintiff, but defendants are insured by separate insurance companies.

REFERENCE FOR POINTS IN HEADNOTE
7 Am Jur 2d, Automobile Insurance § 208 *et seq.*

Appeal from Wayne, Murphy (Thomas J.), J. Submitted Division 1 May 17, 1968, at Detroit. (Docket No. 4,439.)   Decided December 24, 1968.

Complaint by Justina Katzbauer against Gray Barret and Shalla Chevrolet, Inc., a Michigan corporation, for injuries suffered in an automobile accident.   Principal case settled and Shalla Chevrolet, Inc., insured by Aetna Casualty and Surety Company, as cross-plaintiff seeks indemnification from Gray Barret, insured by Detroit Automobile Inter-Insurance   Exchange.   Indemnification   denied. Shalla Chevrolet, Inc. appeals.   Remanded for dismissal.

*Vandeveer, Doelle, Garzia, Tonkin & Kerr* (*Lee R. Franklin,* of counsel), for cross-plaintiff.

*Rouse, Selby, Webber, Dickinson & Shaw* (*David E. Martin,* of counsel), for cross-defendant.

BEER, J.   Appeal dismissed as being improperly before the Court.

The opinion filed in the court below contains all pertinent facts.   Said opinion reads as follows:

"This action involves a cross-claim brought by defendant Shalla Chevrolet, Inc. and its insurer, Aetna Casualty and Surety Company (herein referred to as Aetna) against defendant Gray Barret and his insurer, Detroit Automobile Inter-Insurance Exchange (herein referred to as AAA) for indemnification.

"Cross-defendant Gray Barret took his automobile into the garage of Shalla Chevrolet for repairs, and while said vehicle was being kept by cross-plaintiff for the aforementioned purpose, Shalla provided Barret with a 'loaner automobile.'   On December 13, 1963, while operating this automobile which was

owned by Shalla, Mr. Barret was involved in an accident, out of which arose the above-captioned lawsuit. The principal case was settled with Katzbauer for $2,750. Both defendants, by and through their respective insurers, contributed one-half of the aforementioned settlement. Presently, Aetna seeks indemnification of said $1,350 which amount represents its contribution to the settlement of the principal case. It is conceded by the parties that Barret was operating said 'loaner' vehicle with the consent of its owner, Shalla Chevrolet. It is further consided [*sic*] that at the time of said accident, Shalla Chevrolet was insured by Aetna and Barret was insured by AAA.

"The AAA policy covering Barret contained the following language:

" 'Provided, however, the insurance with respect to a temporary substitute automobile, replacement automobile, additional automobile, or non-owned automobile shall be excess insurance over any other valid and collectible insurance.'

"The Aetna policy covering Shalla Chevrolet contained the following language:

" 'Persons insured.

" 'A. Any employee, director or stockholder of the named insured, any partner therein, any resident of the same household as the named insured, such employee, director, stockholder or partner.

" 'B. Any other person, but only if no other valid and collectible automobile liability insurance, either primary or excessive, * * * is available to such person.'

"7 Am Jur 2d, Automobile Insurance, § 201, p 543 states:

"[Excess insurance] 'Under such a policy, and as to such a coverage, the insurance company issuing the policy is not liable for any part of the loss or damage which is covered by other insurance—it is liable only for the amount of loss or damage in excess of the coverage provided by the other policy or policies of insurance.'

"Section 202, p 544, entitled 'Conflict between "other insurance" clauses in separate policies' says:

" 'Many cases have arisen involving conflicts between insurance policies, both of which purport to restrict or escape liability for a particular risk in the event there is other insurance. Such conflicts have arisen under automobile liability policies covering the same risk in the following situations:

" '1. Where one of the policies contains an excess insurance clause and the other contains a pro-rata clause;

" '2. Where one of the policies contains an excess insurance clause and the other a no liability clause;

" '3. Where both of the policies contain an excess insurance clause;

" '4. Where one of the policies contains a pro-rata clause and the other contains a no liability clause;

" '5. Where the no liability clause expressly designates the type of insurance with which it might conflict.'

"While the courts are not entirely in agreement it seems that it is necessary in a given case to determine which of the five situations is involved.

"In this case no. 2 involved, namely, one policy contains an excess insurance clause and the other a no liability clause (or an escape clause).

"The AAA policy provides only for excess insurance under the facts in this case. Therefore there is no other valid collectible insurance available. Hence Aetna would be primarily liable and the AAA only for its excess insurance. The fact that the Aetna policy also uses the words 'either primary or excess' is of no consequence, because the AAA policy under this situation does not provide primary insurance.

"The fifth situation cited in 7 Am Jur 2d, Automobile Insurance, § 202, is only supported by one Florida case, *Continental Casualty Company* v. *Weekes* [(Fla, 1954), 74 So 2d 367, 46 ALR2d 1159].

"The McFarland case cited in the Florida case as being most persuasive in arriving at their deci-sion concerned a pro-rata clause versus an excess clause.

"In *American Surety Company of New York* v. *American Indemnity Company* (1950), 8 NJ Super 343 (72 A2d 798) the court said:

" 'I shall hold that where the owner of an automobile or truck has a policy with an omnibus clause, and the additional insured also has a non-ownership policy which provides that it shall only constitute excess coverage over and above any other valid, collectible insurance, the owner's insurer has the primary liability. In such a situation, the liability of the excess insurer does not arise until the limits of the collectible insurance under the primary policy have been exceeded. It follows that the so-called other insurance clause in the primary policy excluding or modifying liability if the additional insured has other valid and collectible insurance is inapplicable because the insurance under the excess coverage policy is not to be regarded as other collectible insurance available to the insured until the primary policy has been exhausted.

" 'Expressed more explicitly, I resolve that a non-ownership clause with an excess coverage provision as embodied in the plaintiff's policy does not constitute other valid and collectible insurance within the import and meaning of a primary policy with an omnibus clause.'

"In the case of *Grasberger* v. *Liebert & Obert* (1939), 335 Pa 491 (6 A2d 925, 122 ALR 1201), the court says:

" 'The only question in the case, therefore, is whether defendant is covered by the Threashermen policy. \* \* \* Is defendant "covered by other valid insurance \* \* \* "? They [the policies] do not have identity of scope, the Aetna policy not coming into operation until defendant has exhausted the insurance to which it is entitled under the policy to Rietheimer [owner-leaser].'

"The Supreme Court of Illinois in the case of *New Amsterdam Casualty Co.* v. *Certain Underwriters at Lloyds, London* [(1966), 34 Ill 2d 424 (216 NE2d 665)] said:

" 'The Oregon rule, however, represents the minority view. The majority view seems to be that in the case of an apparent conflict between an "escape" clause in one policy and an "excess" clause in the other policy, the "excess" clause is to be given effect. (See Annotation, 46 ALR2d 1163.) In *Zurich General Accident and Liability Ins. Co.* v. *Clamor* (CA 7, 1941), 124 F2d 717, the automobile owner's insurer provided coverage for a person driving the car with permission if he did not have other valid and collectible insurance, and the driver's insurer provided coverage for him while driving another's car with permission, except that the insurance constituted only "excess insurance" over any other valid and collectible insurance available to the insured. The court held the owner's insurer liable since the driver's "excess insurance" was not other collectible insurance. (Stated differently, the "excess insurance" provided by the driver's insurer is not "other insurance" as required by the owner's insurer to exempt the latter from liability.) The court said that in order to give effect to the difference in the "other insurance" provisions of the two policies, it was logical to conclude that the owner's insurer was liable to the extent named in its policy, and that the driver's insurer was liable only for any excess over that provided by the owner's insurer.'

"See also *American Surety Company of New York* v. *Canal Insurance Company* (1958), 258 F2d 934; *Continental Casualty Company* v. *Curtis Publishing Company* (1938), 94 F2d 710, and other cases cited in the Annotation following *Grasberger* v. *Liebert & Obert*, 122 ALR 1201.

"Therefore if excess insurance is only available when the primary insurance is exhausted it follows that Aetna has the primary liability. However, Aetna would not be entitled to indemnification even

if they were only equally liable with AAA, as some of the cases hold.

"Since Aetna and the AAA are the real parties in interest, they having paid the judgment, and since Aetna under its policy was the insurer of both Shalla Chevrolet and Barret, I find that neither Shalla Chevrolet nor Aetna has any right to indemnification for the amount of money that was paid by Aetna in this case."

But the disputing insurance companies are not true parties in the cause. The trial judge, who worked so hard on this opinion, should have recognized they were not parties and not have embraced the matter for decision. Neither can these insurance carriers be permitted to use the vehicle of litigation of the parties in effect to obtain a declaratory judgment. Procedurally there is error here.

No matter the ableness of the trial judge's opinion, we are constrained to remand with directions said opinion be held for naught and the case dismissed. No costs.

T. G. KAVANAGH, P. J., and HOLBROOK, J., concurred.