MICHIGAN MUTUAL INSURANCE COMPANY v HOME MUTUAL
INSURANCE COMPANY

Docket No. 54615. Submitted June 4, 1981, at Lansing.—Decided July
28, 1981.

Michigan Mutual Insurance Company paid no-fault insurance
benefits in the amount of $29,492.21 to Raymond Eastham for
injuries incurred by Raymond Eastham in an accident which
occurred on September 29, 1976. Michigan Mutual made these
payments under a policy issued to Charles Eastham, father of
Raymond Eastham, with whom Raymond Eastham was living
at the time of the accident. In March or April of 1978, Michi-
gan Mutual learned that Raymond Eastham at the time of the
accident, while separated from his wife, Judith Eastham, was
still married to her and that she was insured under a no-fault
insurance policy issued by Home Mutual Insurance Company
and sought reimbursement from Home Mutual, which was
denied. On April 28, 1980, Michigan Mutual Insurance Com-
pany brought an action in Genesee Circuit Court seeking
reimbursement from Home Mutual Insurance Company of the
benefits it paid. Home Mutual moved for accelerated judgment
claiming that the action was barred by plaintiff's failure to
comply with the provision in the no-fault act which requires
that an action must be commenced within one year unless
written notice is provided within that period and for summary
judgment on the basis that plaintiff failed to state a claim upon
which relief can be granted. Michigan Mutual argued that its
action was quasi-contractual in nature and the six-year con-
tract statute of limitations applied. Harry B. McAra, J., re-
jected plaintiff's argument and granted defendant's motions for
accelerated and summary judgment. Plaintiff appeals. *Held:*

The action by plaintiff insurer is a subrogation action in that
its claim against defendant insurer arose out of plaintiff insur-
er's status as a subrogee of Raymond Eastham's right to claim
benefits under the insurance policy issued by defendant insurer
to Judith Eastham. Being a subrogation action, the one-year

REFERENCES FOR POINTS IN HEADNOTE
[1] 7 Am Jur 2d, Automobile Insurance § 348.
7A Am Jur 2d, Automobile Insurance § 443.

statute of limitations contained in the no-fault act applies. The trial court, accordingly, properly granted defendant insurer's motion for accelerated judgment, plaintiff not having satisfied the requirements of said statutory provision.

Affirmed.

INSURANCE — AUTOMOBILES — NO-FAULT INSURANCE — SUBROGATION — LIMITATION OF ACTIONS — STATUTES.

An action by an insurer who has paid a claim under an automobile no-fault insurance policy issued by that insurer against another insurer seeking reimbursement of the amounts paid on the theory that the claim should have been paid under the automobile no-fault insurance policy issued by the defendant insurer is a subrogation action and is subject to the one-year limitation period contained in the motor vehicle no-fault insurance act (MCL 500.3145[1]; MSA 24.13145[1]).

*Thomas & Delaney,* for plaintiff.

*Smith & Brooker, P.C.* (by *Donald G. Rockwell*), for defendant.

Before: BEASLEY, P.J., and M. J. KELLY and N. A. BAGULEY,* JJ.

M. J. KELLY, J. Plaintiff, Michigan Mutual Insurance Company, appeals as of right from an order granting accelerated judgment, GCR 1963, 116.1(5), to defendant Home Mutual Insurance Company. The judgment as rendered effectively barred further prosecution of the plaintiff's claim for reimbursement of benefits mistakenly paid to the injured person whose first recourse for benefits should have been to defendant.

On September 29, 1976, Raymond Eastham was injured when an automobile struck the motorcycle he was riding. The automobile was owned by John D. Clarence and was driven by James Clarence. At the time of the accident, Raymond Eastham was separated from his wife, Judith Eastham, and was

___

* Circuit judge, sitting on the Court of Appeals by assignment.

residing with his father, Charles Eastham. Raymond's father owned an automobile that was insured by plaintiff Michigan Mutual, and Raymond's wife owned an automobile that was insured by defendant Home Mutual. Raymond Eastham did not own an automobile. His motorcycle had standard cycle coverage but did not have no-fault coverage.

After the accident, Raymond Eastham applied to the plaintiff for personal protection insurance benefits under his father's policy. Plaintiff, which was unaware of the potential coverage under the defendant's policy with Judith Eastham, paid $29,492.21 in benefits to Raymond Eastham. In late March or early April of 1978, plaintiff learned that Raymond Eastham was still legally married and that his wife had a no-fault policy issued by defendant. Plaintiff immediately notified defendant and demanded reimbursement of the $29,492.21 that was paid to Eastham. Defendant refused to reimburse plaintiff.

Plaintiff, as subrogee of Raymond Eastham, filed this action in Genesee County Circuit Court on April 28, 1980. On August 27, 1980, defendant moved for accelerated judgment pursuant to GCR 1963, 116.1(5), claiming that the action was barred by the one-year statute of limitations contained in MCL 500.3145(1); MSA 24.13145(1):

"An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. If the notice has been given or a payment has been made, the action may be commenced at any time within 1

year after the most recent allowable expense, work loss or survivor's loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced. The notice of injury required by this subsection may be given to the insurer or any of its authorized agents by a person claiming to be entitled to benefits therefor, or by someone in his behalf. The notice shall give the name and address of the claimant and indicate in ordinary language the name of the person injured and the time, place and nature of his injury."

In an oral statement preceding the order granting accelerated judgment, the lower court opined that the limitations period commenced running when the plaintiff received notice of the alternate coverage under the defendant's policy. The court rejected the plaintiff's argument that the action for reimbursement was grounded on a theory of quasi-contractual recovery, to which the general six-year statute of limitations embodied in MCL 600.5807(8); MSA 27A.5807(8) would apply. The plaintiff raises a similar argument in this appeal.

This case presents a factual and legal similarity to this Court's recent decision in *Federal Kemper Ins Co v Western Ins Cos,* 97 Mich App 204; 293 NW2d 765 (1980). In *Federal Kemper,* the plaintiff insurer brought an action in quasi-contract against the defendant insurer to recover the amount of no-fault benefits which the plaintiff had paid for injuries suffered by a person to whom both companies were contractually liable. The trial court granted summary judgment to the defendant under GCR 1963, 117.2(1) for failure to state a claim upon which relief could be granted and accelerated judgment under GCR 1963, 116.1(5) on the ground that the action was barred by the one-year statute of limitations quoted above. On appeal, this Court

found that plaintiffs had pled facts sufficient to state a claim for subrogation, despite their designation of the action as one arising in quasi-contract:

"In balancing the equities in the instant case, we are not blind to the fact that though plaintiffs are trying to recover for personal injury benefits they paid under the no-fault act, they are bringing the instant action in quasi-contract solely to avoid the one-year statute of limitations in the act, MCL 500.3145(1); MSA 24.13145(1).

"Further recognizing our discretion in granting equitable relief, we believe the proper action here is one in equity for subrogation. In *Farmers Ins Group v Progressive Casualty Ins Co,* 84 Mich App 474, 484; 269 NW2d 647 (1978), this Court held that where an insurer, whose liability is arguably secondary to that of a primary insurer, pays the claim, it becomes subrogated to the rights of the insured. Under these circumstances the Court held that a separate suit for 'indemnification' is the preferable method for handling the dispute 'since the injured person recovers for his injuries without delay while the insurers thereafter iron out their respective liabilities'.

"Although plaintiffs in their complaint did not mention the term 'subrogation', they pleaded sufficient facts to state a claim for subrogation as the complaint reasonably informed defendant of the nature of the cause if must defend. See *Wynn v Cole,* 68 Mich App 706, 712-713; 243 NW2d 923 (1976)." (Footnote omitted.) *Id.,* 208-209.

Relying on the legal principle that a subrogee acquires no greater rights than his subrogor, *Northwestern Mutual Ins Co v Jackson Vibrators,* 402 F2d 37, 40 (CA 6, 1968), the panel in *Federal Kemper* then held that plaintiffs' subrogation claim was subject to the one-year statute of limitations in the no-fault act:

"In the case at bar, defendant never gave plaintiffs or the insured any reason to believe it would pay the claim; on the contrary, defendant denied liability *ab initio.* Yet plaintiffs allowed almost three years to elapse before filing this lawsuit. It is clear that if the insured had followed this course of procedure, his action would have been barred by the one-year limitation in the statute. In this respect, *it would be inequitable to afford plaintiffs the benefit of the more liberal statute of limitations for an action in quasi-contract. Doing so would thwart the legislative intent of the no-fault act to give quick notice of claims and provide prompt payment.* Therefore, we hold that the trial judge did not err in granting defendant accelerated judgment on the basis of the one-year limitation in the no-fault statute." (Emphasis added.) 97 Mich App 211.

See also *Home Ins Co v Rosquin,* 90 Mich App 682; 282 NW2d 446 (1979), a case in which the one-year statute of limitations was held to bar plaintiff insurer's cause of action where plaintiff's complaint for subrogation was not amended to include co-insurers until 17 months after payment of original claim, and *Keller v Losinski,* 92 Mich App 468, 473; 285 NW2d 334 (1979), a case in which similar facts resulted in the following holding:

"Finally, Michigan Mutual cannot avoid the statute of limitations by classifying its action as one for indemnification rather than one for recovery on personal injuries. In its indemnification action, Michigan Mutual is subrogated to plaintiff's rights and cannot recover where plaintiff would be barred from bringing his own action."

The case *sub judice* is no less a subrogation action than those raised in *Federal Kemper, supra,* and *Farmers Ins Group, supra.* As in *Farmers,* the instant plaintiff was contractually subrogated to the rights of its insured, Raymond Eastham. Un-

der the second contract of insurance held by Judith Eastham with defendant Home Mutual, a claim against Home Mutual was available to Raymond Eastham after his accident. Thus, this action is an attempt by Michigan Mutual, as subrogee of Raymond Eastham's right to claim benefits from Home Mutual, to enforce the cause of action it has inherited. Because the action is one for subrogation, the one-year statute of limitations is the proper provision to apply in reviewing the motion for accelerated judgment.

We note that during arguments on this motion before the trial court the parties agreed that plaintiff Michigan Mutual had notice of the potential claim against the defendant as of April 21, 1978, the date of plaintiff's demand for reimbursement of benefits paid to Raymond Eastham. However, the complaint initiating the plaintiff's action was not filed until April 28, 1980, over two years after the plaintiff acquired notice of its claim. Therefore, the complaint was filed over one year after the limitations period in MCL 500.3145(1); MSA 24.13145(1) expired. We find no error in the lower court's order of accelerated judgment.

Affirmed.