**FARM & CITY INSURANCE COMPANY, Appellant,**

v.

**UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellee.**

**No. 66981.**

Supreme Court of Iowa.

Aug. 25, 1982.

David J. Grace of Davis, Grace, Horvath, Connerman & Rouwenhorst, P. C., Des Moines, for appellant.

Stephen D. Hardy of Grefe & Sidney, Des Moines, for appellee.

Considered by HARRIS, P. J., and McCORMICK and SCHULTZ, JJ.

McCORMICK, Justice.

This appeal involves a dispute between two automobile liability insurance companies concerning coverage of a tortfeasor in an automobile accident. Two principal questions are presented. One is whether the coverage of plaintiff Farm & City Insurance Company was excess and the coverage of defendant United Fidelity and Guaranty Company was primary. The other is whether plaintiff is entitled to indemnity from defendant for costs of defending three lawsuits that arose from the accident. In a declaratory judgment action brought in equity, the trial court ruled against plaintiff on the first question and therefore did not reach the second one. We reverse and remand.

I. *The coverage question.* In our de novo review, we find that plaintiff provided motor vehicle nonowners' liability coverage to Wendell Sutherland. Defendant provided liability coverage on vehicles owned by Mike Rolling in his capacity as a used car dealer. Rolling obtained a van in a trade, but did not transfer title into his name.

In turn, Rolling purported to sell the van to Sutherland without compliance with either the inspection statute, section 321.238, The Code, or the restricted certificate of title statute, section 321.51. Sutherland promised to repair the van so it would pass inspection and title could be placed in his name.

Before Sutherland repaired the vehicle he was involved in an accident with it. Three lawsuits were filed against him. Plaintiff's nonowner policy contained an endorsement making its coverage excess to any insurance covering the loss for the owner of a vehicle driven by Sutherland. Defendant's policy provided coverage to vehicles owned by Rolling but driven with his consent by another person. Plaintiff demanded that defendant defend Sutherland in the lawsuits, but defendant refused. Plaintiff defended the litigation to conclusion and incurred expenses of $8,969.39 in doing so. The parties have agreed on how the outcome of this case will affect their liability in the litigation, so that question is not before us.

The trial court did not have the benefit of this court's decision in *Iowa Kemper Insurance Co. v. Cunningham*, 305 N.W.2d 467 (Iowa 1981), at the time of its decision. That case controls the coverage question.

Because Rolling purchased the van as a dealer, his seller was not obliged to comply with the motor vehicle inspection statute. *See* § 321.238(12). Under section 321.493, Rolling was the owner of the vehicle for third party liability purposes. His failure to have the vehicle inspected and alternative noncompliance with section 321.51, the restricted transfer of title statute, prevented him from passing ownership to Sutherland for purposes of section 321.493. *Sullivan v. Skeie Pontiac, Inc.*, 270 N.W.2d 814, 817 (Iowa 1978). The same circumstances

left him as owner for purposes of section 321.45(2). *Kemper Insurance Co.*, 305 N.W.2d at 469–70.

 Nothing in Rolling's insurance policy with defendant affects the result. Because he was owner of the vehicle within the meaning of the law, the policy made him its owner for purposes of the policy at the time of the accident. Moreover, we find that Sutherland was a consent driver. Rolling contends Sutherland had a duty under the sales contract to have the vehicle repaired and title transferred earlier, but this did not mean Sutherland was operating the vehicle without Rolling's permission. *See generally Schneberger v. Glenn*, 176 N.W.2d 782 (Iowa 1970). Thus defendant's policy covered Sutherland as operator of an owned vehicle.

Because Sutherland did not own the van, plaintiff's policy covered him as operator of a nonowned vehicle. The excess coverage endorsement is applicable, making defendant's coverage primary and plaintiff's coverage secondary. Despite a contrary assertion by defendant, the excess provision in the endorsement prevails over a pro rata clause in the body of plaintiff's policy. *See Motor Vehicle Casualty Co. v. LeMars Mutual Insurance Co. of Iowa*, 254 Iowa 68, 72, 116 N.W.2d 434, 436 (1962).

 Defendant contends the result is unjust and rewards Sutherland's failure to keep his agreement with Rolling. We believe, however, that the law places the burden of complying with the motor vehicle inspection statute squarely on the seller. Permitting a seller to shift this obligation to the buyer by contract would frustrate the legislative purpose and inevitably lead to the kind of problem that occurred here. We are persuaded that the result we reach is not only required by the statute but is more likely to discourage the type of subterfuge involved in the sales transaction in this case.

 II. *Costs of defense.* A split of authority exists on the right of an excess carrier to indemnity for costs of defense from a primary carrier who has refused to defend. The line of cases denying indemnity does so on the basis of each insurer's independent duty to defend the insured. *See, e.g., United States Fidelity & Guaranty Co. v. Tri-State Insurance Co.*, 285 F.2d 579 (10th Cir. 1960); *Maryland Casualty Co. v. American Family Insurance Group*, 199 Kan. 373, 429 P.2d 931 (1967); *Iowa National Mutual Insurance Co. v. Universal Underwriters Insurance Co.*, 276 Minn. 362, 150 N.W.2d 233 (1967). The line of cases allowing indemnity does so on the theory that the excess carrier is subrogated to the insured's right to require the primary carrier to provide a defense. *See, e.g., New Amsterdam Casualty Co. v. Certain Underwriters at Lloyd's*, 34 Ill.2d 424, 216 N.E.2d 665 (1966); *Farmers Insurance Group v. Progressive Casualty Insurance Co.*, 84 Mich. App. 474, 269 N.W.2d 647 (1978); *Continental National American Group v. Pluda*, 115 N.J.Super. 206, 278 A.2d 540 (1971). We believe that the cases allowing indemnity represent the better view. If indemnity is not ordered, the primary carrier is permitted to profit from its wrongful failure to defend. It is true that the excess carrier may wish to participate in the defense also, but it should not be penalized for bearing the burden alone when the primary carrier refuses to perform its duty.

 We do not foreclose the possibility of a pro rata award of litigation costs in a case in which the primary carrier establishes by satisfactory proof that the excess carrier, by reason of its exposure or practice in other cases, would have participated in the defense in any event. *Cf. Central National Insurance Co. v. LeMars Mutual Insurance Co. of Iowa*, 294 F.Supp. 1396, 1402 (S.D. Iowa 1968) (providing equal sharing of defense costs). This, however, is not that kind of case. We hold that plaintiff is entitled to full indemnity under the present record. Upon remand, the trial court shall enter judgment for plaintiff accordingly.

REVERSED AND REMANDED.