AMERISURE COMPANIES v STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

Docket No. 189879. Submitted January 15, 1997, at Lansing. Decided February 28, 1997, at 9:05 A.M.

Amerisure Companies, as subrogee of Trucking Services, Inc., brought an action in the Kent Circuit Court against State Farm Mutual Automobile Insurance Company, seeking to recoup personal protection benefits that it had paid to Leroy Rister under a no-fault policy that it had issued to Trucking Services. Rister was injured while descending from his semitrailer tractor in July 1992. The plaintiff, believing that Rister was an employee of Trucking Services at the time he was injured and being unaware that Rister had an automobile insured by the defendant, paid personal protection benefits to Rister. In April 1993, the plaintiff learned that Rister was an independent contractor; however, it did not send notice to the defendant of its intent to seek contribution or indemnification until January 1994. The defendant refused to reimburse to the plaintiff the benefits that had been paid to Rister because notice of the injury had not been served upon it within one year of the accident causing the injury as required by § 3145(1) of the no-fault act, MCL 500.3145(1); MSA 24.13145(1). The trial court, George S. Buth, J., granted summary disposition for the defendant, finding that the plaintiff's action was one for subrogation and holding that the action was barred by the running of the one-year period of limitation of § 3145(1). The plaintiff appealed.

The Court of Appeals *held*:

The action by the plaintiff was a subrogation action because its claim against the defendant arose out of the plaintiff's status as a subrogee of Rister's right to claim benefits under the no-fault policy issued by the defendant. Being a subrogation action, the plaintiff acquired no greater rights than Rister had against the defendant. Because Rister's right to maintain an action against the defendant for personal protection benefits required compliance with the notice requirement of § 3145(1) and the required notice was not given to the defendant within one year of the injury, the court properly granted summary disposition for the defendant on the basis of the running of the statutory period.

Affirmed.

INSURANCE — NO-FAULT INSURANCE — SUBROGATION — LIMITATION OF ACTIONS.
An action by an insurer that has paid personal protection benefits under a no-fault insurance policy for reimbursement of those benefits from another no-fault insurer on the basis that those benefits had been properly payable under a no-fault policy issued by the other insurer is an action for subrogation that is subject to the one-year period of limitation contained in the no-fault insurance act (MCL 500.3145[1]; MSA 24.13145[1]).

*Harvey, Kruse, Westen & Milan, P.C.* (by *Michael D. Ward*), for the plaintiff.

*Romain, Donofrio, Kuck & Egerer, P.C.* (by *John C. Brennan*), for the defendant.

Before: FITZGERALD, P.J., and MACKENZIE and A. P. HATHAWAY*, JJ.

PER CURIAM. Plaintiff, Amerisure Companies, appeals as of right the order granting summary disposition pursuant to MCR 2.116(10) and MCL 500.3145(1); MSA 24.13145(1) in favor of defendant State Farm Mutual Automobile Insurance Company. The trial court determined that plaintiff's claim for reimbursement of no-fault personal injury protection benefits mistakenly paid to Leroy Rister was barred. We affirm.[1]

On July 21, 1992, Leroy Rister was injured while descending from his semi-trailer tractor. Rister applied to plaintiff for personal protection insurance benefits under a no-fault policy issued to Trucking Services, Inc. Plaintiff, unaware that Rister had a per-

---

* Circuit judge, sitting on the Court of Appeals by assignment.
[1] Although not so labeled, defendant's motion for summary disposition was granted on the ground that the claim was barred because of the expiration of the statute of limitations. MCR 2.116(C)(7).

sonal automobile insured by defendant, paid
$97,580.74 to Rister in personal injury protection ben-
efits under the belief that Rister was an employee of
Trucking Services at the time he was injured.

In April 1993, plaintiff learned that Rister was not
an employee of Trucking Services, but rather an inde-
pendent contractor. Plaintiff, however, did not send
notice to defendant that it intended to seek contribu-
tion or indemnification from defendant until January
19, 1994. Plaintiff, as subrogee of Trucking Services,
filed the instant suit on November 22, 1994, seeking
to recover the amount of personal injury protection
benefits paid to Rister that should have been paid by
defendant, the primary insurer.

Plaintiff moved for summary disposition pursuant
to MCR 2.116 (c) (8) and (10). Defendant moved for
summary disposition, claiming that the action was
barred by the one-year period of limitation contained
in MCL 500.3145(1); MSA 24.13145(1), which provides
in pertinent part:

> An action for recovery of personal protection insurance
> benefits payable under this chapter for accidental bodily
> injury may not be commenced later than 1 year after the
> date of the accident causing injury unless written notice of
> injury as provided herein has been given to the insurer
> within 1 year after the accident or unless the insurer has
> previously made a payment of personal protection insur-
> ance benefits for the injury.

The trial court, citing *Michigan Mutual Ins Co v
Home Mutual Ins Co*, 108 Mich App 274; 310 NW2d
362 (1981), agreed with defendant's claim that the
action was one for subrogation and was barred under
§ 3145(1). The court rejected plaintiff's argument that
the action was one for reimbursement of money paid

by mistake to which the general six-year period of limitation embodied in MCL 600.5813; MSA 27A.5813 would apply.

The issue presented is whether the one-year period of limitation in § 3145 applies where an insurer is suing another insurer on the basis that it paid benefits by mistake for which the defendant insurer was liable. In *Michigan Mutual, supra,* Ray Eastham was injured while riding a motorcycle in September 1976. At the time of his injury, Eastham was separated from his wife and living with his father. Eastham's father owned a car insured by the plaintiff. At the time the plaintiff paid personal protection insurance benefits to Eastham, it was unaware that Eastham's wife owned a car insured by the defendant. In March or April of 1978, the plaintiff learned that Eastham was still legally married and immediately demanded reimbursement from the defendant. After the defendant refused to reimburse the plaintiff, the plaintiff filed suit in April 1980.

The plaintiff characterized its suit as one of quasicontract and argued that the general six-year period of limitation applied. This Court disagreed and characterized the plaintiff's action as one of subrogation, reasoning that after the plaintiff paid benefits to Eastham, it became subrogated to Eastham's rights, but acquired no greater rights than Eastham. *Id.* at 278. This Court held that the plaintiff's claim was therefore governed by the no-fault one-year period of limitation set forth in § 3145(1). This Court held that the plaintiff had notice on April 21, 1978, of its potential claim against the defendant and held that the plaintiff's claim was barred because the claim was not filed until April 28, 1980, over two years later.

The Court in *Michigan Mutual* based its decision on a line of cases beginning with *Home Ins Co v Rosquin*, 90 Mich App 682; 282 NW2d 446 (1979), and followed by *Keller v Losinski*, 92 Mich App 468; 285 NW2d 334 (1979), and *Federal Kemper Ins Co v Western Ins Cos*, 97 Mich App 204; 293 NW2d 765 (1980). A common link between these cases is that in each case the plaintiff failed to file suit against the defendant insurer within one year from the time it knew of its potential cause of action against the defendant.

This Court, however, diverged from the above line of cases in *Madden v Employers Ins of Wausau*, 168 Mich App 33; 424 NW2d 21 (1988) (MICHAEL J. KELLY, J. dissenting). In *Madden*, Michael Madden was injured on March 6, 1983, in an automobile accident as a passenger in a car that he did not own. Madden filed an application for personal injury protection benefits with Wausau, the driver's no-fault insurer. Madden indicated that he did not own an automobile and that he did not have any family members residing in his household who owned an automobile. Madden's attorney verified in an affidavit that Madden had no other benefits available to him, and Wausau made payments to Madden.

Eventually a dispute arose, and Madden filed suit against Wausau in March 1984. In December 1984, Madden revealed during a deposition that he was living with his brother at the time of the accident. Madden's brother owned a car insured by Lake States Mutual Insurance Company. In February 1985, Madden's brother confirmed this fact. Wausau demanded payment, which Lake States denied. Wausau filed a third-party indemnification complaint against Lake States in May 1985.

The *Madden* Court found Judge ALLEN's dissent in *Keller, supra,* to be persuasive. In his dissent, evaluating a similar set of facts, Judge ALLEN opined that the action between the insurers was one to recover monies paid under a mistake of fact, not an action to recover sums due for economic losses under automobile no-fault. The mistake of fact was the belief that the injured party had no insurance other than the plaintiff's coverage at the time of injury. Judge Allen characterized the action as one of indemnity. *Keller, supra* at 474-475.

The *Madden* Court decided that Wausau's action was not a subrogation action, but rather an action for return of money paid because of a mistake of fact. The Court found that the no-fault one-year period of limitation applied only to actions to recover personal injury protection benefits, and not to an action for money paid by mistake, even if the mistake was due to a lack of investigation. The Court held that the general six-year period of limitation governed Wausau's claim. *Madden, supra* at 40.

More recently, in *Citizens Ins Co of America v American Community Mutual Ins Co,* 197 Mich App 707, 710; 495 NW2d 798 (1993), this Court cited *Federal Kemper, supra,* in support of the rule that an insurer's subrogation action is barred by the no-fault period of limitation if the insured's action would be so barred, unless circumstances make that result inequitable.

Neither *Michigan Mutual* nor *Madden* is binding precedent.[2] However, we find the *Michigan Mutual*

---

[2] These cases were decided before Administrative No. Order 1990-6 took effect, requiring panels of this Court to follow opinions published on or after November 1, 1990.

line of cases to be better-reasoned and therefore choose to follow it. Consequently, we hold that the one-year period of limitation of § 3145 of the no-fault act governs actions between no-fault insurers for recovery of monies mistakenly paid by the secondary insurer. Such actions are ones of subrogation, and, as such, plaintiff acquired no greater rights than Rister had against defendant. Because Rister's right against defendant was to maintain a cause of action for payment of personal injury protection benefits, plaintiff's subrogation action squarely falls within the parameters of § 3145 of the no-fault act.

Under § 3145 and *Michigan Mutual, supra* at 280, plaintiff was required to file its subrogated claim for personal injury protection benefits within one year after the date of the accident or after the date it had notice of its potential claim against defendant, whichever was later. The accident occurred on July 21, 1992. Plaintiff had notice that Rister considered himself an independent contractor in April 1993. Plaintiff did not file its claim until November 1994. Therefore, the complaint was filed over one year after the limitation period in MCL 500.3145(1); MSA 24.13145(1) expired. Section 3145(1) would have barred Rister's claim for benefits, and, consequently, it barred plaintiff's subrogation claim as well.[3]

Affirmed. Defendant being the prevailing party, it may tax costs pursuant to MCR 7.219.

---

[3] In light of our resolution of this matter, the remaining issues raised by plaintiff are irrelevant and need not be addressed.