TITAN INSURANCE COMPANY
v NORTH POINTE INSURANCE COMPANY

Docket No. 257275. Submitted March 7, 2006, at Detroit. Decided March 21, 2006, at 9:05 a.m. Leave to appeal sought.

Titan Insurance Company, as the subrogee of its insured, Robert Wells, Jr., brought an action in the Oakland Circuit Court against North Pointe Insurance Company. The plaintiff sought recovery of personal protection insurance benefits it had paid to Wells following a motor vehicle accident with the defendant's insured, Robert Price. The plaintiff had learned more than one year after the accident that the defendant was Price's insurer. The court, Colleen A. O'Brien, J., granted the defendant summary disposition, concluding that the one-year period of limitations found in MCL 500.3145(1) applied. The court further denied the plaintiff's motion to amend its complaint to add a claim of mistaken payment, concluding that the amendment would be futile because the one-year limitations period would apply no matter what basis supported the plaintiff's claim. The plaintiff appealed.

The Court of Appeals *held*:

1. The trial court did not err by granting the defendant summary disposition. The defendant was not notified of Wells's injury within one year after the accident, nor was the action begun within one year after that date. Because the plaintiff paid benefits that the defendant allegedly should have paid to Wells, the plaintiff was subrogated to Wells's cause of action against the defendant. A subrogee acquires no greater rights than those possessed by the subrogor. Because the action was filed more than one year after the accident, MCL 500.3145(1) would have barred Wells's claim, and therefore barred the plaintiff's subrogation claim as well. The fact that the plaintiff could not ascertain the primary insurer's identity within one year does not change this result because equitable or judicial tolling cannot be applied to the limitations period under the plain and unambiguous language of MCL 500.3145(1).

2. The trial court did not abuse its discretion by denying the plaintiff's motion to amend its complaint. Even if the plaintiff paid

benefits to Wells by mistake, its claim is still one of subrogation and subject to the one-year limitations period of MCL 500.3145(1).

Affirmed.

INSURANCE — NO-FAULT — PERSONAL PROTECTION INSURANCE BENEFITS — LIMITATION OF ACTIONS — SUBROGATION — EQUITABLE TOLLING.

An insurer that is the subrogee of its insured is merely substituted for the insured and acquires no greater rights than those possessed by the insured; if an insured's claim for the recovery of personal protection insurance benefits would be barred by the one-year limitations period for bringing the claim, the insurer's subrogation claim to recover those benefits from a primary insurer would be barred as well, and this one-year limitations period cannot be equitably or judicially tolled (MCL 500.3145[1]).

*Logan & Associates* (by *Joseph A. Gammicchia*) for the plaintiff.

*Garan Lucow Miller, P.C.* (by *Sarah E. Robertson* and *James L. Borin*), for the defendant.

Before: SCHUETTE, P.J., and MURRAY and DONOFRIO, JJ.

PER CURIAM. Plaintiff Titan Insurance Company appeals as of right the trial court's order granting defendant North Pointe Insurance Company's motion for summary disposition and denying plaintiff's motion to amend its complaint. We affirm.

I. FACTS

This action arises out of a motor vehicle accident on April 27, 2002, involving plaintiff's subrogor, who is Robert Wells, and Robert Price. Price's vehicle collided with Wells's motorcycle. According to the police report, Price was uninsured. In the absence of any other known insurer, plaintiff paid Wells $42,377.23 in personal protection insurance benefits.

Plaintiff attempted to contact Price numerous times, beginning on September 16, 2002, to ask him whether he had a no-fault insurance carrier. Plaintiff asserts that it had difficulty locating Price because he was no longer at the address listed on the police report. In October or November 2003, plaintiff finally learned that defendant was Price's insurer and wrote to defendant on November 4, 2003, to confirm coverage. One of defendant's representatives acknowledged to plaintiff that defendant's obligation to pay had a higher priority than the plaintiff's. Defendant asserted that Price never reported the accident to it and that defendant was not aware of the accident until it received plaintiff's November 2003 notice.

Plaintiff demanded payment from defendant, arguing that it was entitled to bring this action "either one year after the date of loss or one year after learning of another insurance company, whichever is later." Defendant denied plaintiff's request for payment on December 2, 2003, on the grounds that it was barred by the statute of limitations.

Plaintiff filed this action on March 1, 2004. Both parties filed motions for summary disposition, and plaintiff moved to amend its complaint to add a claim of mistaken payment. Plaintiff argued that the sole issue for the trial court was whether its complaint was timely filed. Defendant responded that plaintiff's claim was barred, or at least limited to recovery of damages incurred "one year back" from the date plaintiff's action was filed. Defendant admitted that there would be no prejudice if the court allowed plaintiff to amend its complaint, but argued that the amendment would "not alter the outcome" of the motions for summary disposition.

The trial court reviewed the motions under MCR 2.116(C)(10) and MCL 500.3145(1). The court found that plaintiff's claim was "one of subrogation" and, therefore, the one-year period of limitations of the statute applied. The court denied plaintiff's motion to amend as futile because the one-year limitations period would apply no matter what the basis was for plaintiff's claim.

## II. SUMMARY DISPOSITION

### A. STANDARD OF REVIEW

This Court reviews the trial court's grant or denial of summary disposition de novo. *Spiek v Dep't of Transportation,* 456 Mich 331, 337; 572 NW2d 201 (1998). In deciding a motion pursuant to MCR 2.116(C)(10), the trial court considers the pleadings, affidavits, depositions, admissions, or other documentary evidence in a light most favorable to the nonmoving party to determine whether a genuine issue of material fact exists. MCR 2.116(G)(2); *Ritchie-Gamester v City of Berkley,* 461 Mich 73, 76; 597 NW2d 517 (1999). Statutory interpretation is a question of law that this Court also reviews de novo on appeal. *People v Stone Transport, Inc,* 241 Mich App 49, 50; 613 NW2d 737 (2000).

### B. ANALYSIS

The first issue is whether the limitations period of MCL 500.3145(1) commences on the date the insurer seeking reimbursement learns of the other insurer. This primarily involves a debate over timing and whether plaintiff was on notice that there was another insurer when the accident occurred. Plaintiff argues that the cause of action was brought well within a year after it was on notice that defendant was Price's insurer. De-

fendant argues that plaintiff's cause of action was fairly dismissed as untimely because the action was not brought within one year of the accident and plaintiff "made essentially no effort to identify" or notify defendant.

MCL 500.3145(1) provides, in relevant part:

> An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. If the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense . . . has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced.

Here, the accident occurred on April 27, 2002. Plaintiff asserts that it was unable to learn that defendant was the primary insurer until October 2003, and this action was not filed until March 1, 2004. Therefore, defendant was not notified of the injury within one year after the accident, and the action was not commenced within one year after the date of the accident.

As the trial court explained in its opinion, because plaintiff paid personal protection insurance benefits that defendant allegedly should have paid to Wells, plaintiff was subrogated to Wells's cause of action against defendant. *Fed Kemper Ins Co v Western Ins Cos,* 97 Mich App 204, 209; 293 NW2d 765 (1980). MCL 500.3145(1) applies to subrogation actions. See *id.* at 210. " 'A subrogee acquires no greater rights than those possessed by his subrogor and the subrogated insurer is

merely substituted for his insured. This is true whether subrogation is equitable or conventional as in the instant case pursuant to a clause in the insurance contract.' " *Id.* (citations omitted). The trial court implicitly concluded that, because the cause of action was filed more than one year after the accident, MCL 500.3145(1) would have barred Robert Wells's claim for benefits and, therefore, barred plaintiff's subrogation claim as well. *Amerisure Cos v State Farm Mut Automobile Ins Co,* 222 Mich App 97, 103; 564 NW2d 65 (1997).

Until recently, Michigan courts had not addressed the specific question of tolling when an insurer could not ascertain the identity of a primary insurer, but case law recognized that tolling principles could apply to situations involving a lack of notice of a potential claim. In *Amerisure Cos, supra* at 103, this Court concluded, without discussion, that the plaintiff was "required to file its subrogated claim for personal injury protection benefits within one year after the date of the accident *or after the date it had notice of its potential claim against defendant,* whichever was later." (Emphasis added.) See also *Michigan Mut Ins Co v Home Mut Ins Co,* 108 Mich App 274, 280; 310 NW2d 362 (1981). For purposes of tolling the limitations period, the Court in *Michigan Mutual Ins Co* accepted "the date of plaintiff's demand for reimbursement of benefits paid" to the claimant as the date that plaintiff had notice of its claim. *Id.* Plaintiff argues that, because plaintiff did not learn that defendant was Price's insurer until October 2003 and this action was filed less than one year later on March 1, 2004, equitable tolling should apply to this case and plaintiff's action should not be barred.

However, neither the trial court nor the parties had the benefit of *Devillers v Auto Club Ins Ass'n,* 473 Mich

562, 567, 593; 702 NW2d 539 (2005), in which our Supreme Court recently revisited the question of the proper interpretation of MCL 500.3145(1). *Devillers* involved a situation in which the insurer began to pay benefits one month after an accident. At issue was the interpretation of the one-year-back provision of the statute, rather than the one-year statute of limitations at issue here. *Id.* at 565, 574, 583, 591. After an extensive review of the history of the "judicial tolling doctrine" in insurance cases, our Supreme Court concluded that equitable tolling cannot be applied to unambiguous statutory language. The Court stated that "[t]he one-year-back rule of MCL 500.3145(1) must be enforced by the courts of this state as our Legislature has written it, not as the judiciary would have had it written." *Id.* at 586. Although it was the one-year-back provision of MCL 500.3145(1) that was specifically at issue in *Devillers,* it is apparent from our Supreme Court's analysis that the two provisions overlap and that judicial tolling had been applied to toll the one-year limitations period during the period between the time that an insured gave notice until the insurer denied liability. *Devillers, supra* at 571.

As indicated previously, MCL 500.3145(1) clearly and unambiguously states the necessary time line of an action for recovery of personal protection insurance benefits. "If the language used is clear, then the Legislature must have intended the meaning it has plainly expressed, and the statute must be enforced as written." *Hills of Lone Pine Ass'n v Texel Land Co, Inc,* 226 Mich App 120, 124; 572 NW2d 256 (1997). If the plain and ordinary meaning of the statute is clear, judicial construction is not permitted. *People v Borchard-Ruhland,* 460 Mich 278, 284; 597 NW2d 1 (1999). In the instant case, it is undisputed that neither statutory exception applies, and that plaintiff's action was not

commenced within one year after the accident. Plaintiff argues that equitable tolling applies in this case and that the one-year limitations period did not begin to run until plaintiff learned that defendant was Price's insurer. The trial court correctly concluded that the statutory language was unambiguous and refused to expand it by the addition of judicial tolling principles. We agree with the trial court's determination that plaintiff was attempting to expand the statute by adding a tolling provision and that, because the statute was unambiguous, further interpretation was not permitted.

The trial court did not err in granting defendant's motion for summary disposition.

### III. MOTION TO AMEND COMPLAINT

#### A. STANDARD OF REVIEW

The grant or denial of a motion for leave to amend pleadings is reviewed for an abuse of discretion. *Horn v Dep't of Corrections,* 216 Mich App 58, 65; 548 NW2d 660 (1996). Leave to amend a pleading should be freely permitted when justice requires. MCR 2.118(A)(2). A motion to amend "ordinarily should be granted," absent "particularized reasons," including futility. *Sands Appliance Services, Inc v Wilson,* 463 Mich 231, 239-240; 615 NW2d 241 (2000).

#### B. ANALYSIS

The next issue is whether the trial court abused its discretion by denying plaintiff's motion to amend its complaint to add a count of "Recovery of Mistaken Payment." The case on which plaintiff relies, *Madden v Employers Ins of Wausau,* 168 Mich App 33; 424 NW2d 21 (1988), was issued before November 1, 1990, and is

therefore not binding on this Court under MCR 7.215(J)(1). Furthermore, the reasoning in *Madden* was rejected by *Amerisure Cos,* which instead adopted the reasoning of the decision in *Michigan Mutual Ins Co* and held that "actions between no-fault insurers for recovery of monies mistakenly paid by the secondary insurer" were claims of subrogation and subject to the limitations period in MCL 500.3145(1). *Amerisure Cos, supra* at 102-103.[1] This Court also held in *Fed Kemper Ins Co, supra* at 210, that claims of subrogation are subject to the one-year period of limitations in MCL 500.3145(1).

As previously noted, the plain and unambiguous terms of MCL 500.3145(1) are not subject to interpretation, and the statute does not provide, as it could have, a separate limitations period in the event of mistake. See *Devillers, supra* at 586. Plaintiff argues it could not safely wait to make payment to its subrogor without risking that it would be penalized under the no-fault act for tardy payment. However, as this Court emphasized in *Federal Kemper Ins Co, supra* at 210, "the statute is clear and 'plaintiff is an insurance company itself and is presumably well aware of the much-publicized insurance law of this state.' " (Citation omitted.) In light of the above case law, even if plaintiff paid the benefits by mistake, its claim is still one of subrogation and subject to the limitations period in MCL 500.3145. The trial court did not abuse its discretion by denying the plaintiff's motion to amend its complaint.

Affirmed.

---

[1] Although *Amerisure Cos* and *Michigan Mut Ins Co* have been called into question by *Devillers* to the extent that they recognized the applicability of judicial tolling, their conclusions on the issue of subrogation claims remain valid and correct.