# STATE OF MICHIGAN

# COURT OF APPEALS

TITAN INSURANCE COMPANY,

        Plaintiff-Appellee,

v

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant/Third-Party Plaintiff-
Appellee,

and

FRANK WARD and DIANA LYNN WARD,

        Defendants-Appellees,

and

AFFIRMATIVE INSURANCE COMPANY OF
MICHIGAN,

        Third-Party Defendant-Appellant.

UNPUBLISHED
August 11, 2015

No.  321112
Wayne Circuit Court
LC No.  12-011265-NF

Before:  RONAYNE KRAUSE, P.J., and GLEICHER and STEPHENS, JJ.

PER CURIAM.

In the no-fault insurance world, the "one-year back" and the "one-year notice" rules set forth in MCL 500.3145 establish relatively short and inflexible time frames for seeking first-party benefits and for filing lawsuits.  Claimants who violate these rules risk losing the right to challenge an insurer's denial of benefits.

The same time frames apply to insurance companies who "stand in the shoes" of a claimant, as occurs when one insurance company seeks reimbursement for no-fault benefits that should have been paid by another.  Here, State Farm wears the shoes of the injured claimant.  The question presented is whether State Farm filed its action seeking repayment from Affirmative, the higher priority insurance company, in a timely manner.  The circuit court ruled

-1-

that State Farm's claim was timely. We conclude that because State Farm failed to provide Affirmative with the requisite notice within one year of the claimant's accident, its claim against Affirmative is time barred. Accordingly, we reverse the circuit court and remand for entry of an order granting Affirmative summary disposition against State Farm.

I.

On June 30, 2010, Matthew Sterling suffered burns on his face and arms while trying to start an uninsured 1968 Camaro owned by Frank Ward. Sterling denied ownership of a policy of no-fault insurance. On August 23, 2010, the Michigan Assigned Claims Plan (MACP) designated plaintiff Titan Insurance Company as Sterling's first-party no-fault benefit provider. See MCL 500.3172(1).

Titan paid the University of Michigan $45,664.27 on Sterling's behalf. Meanwhile, Titan launched an investigation into whether a higher priority insurer existed. Titan discovered that defendant State Farm Mutual Automobile Insurance Company insured another vehicle owned by Ward, which elevated State Farm to the front of the priority line. On August 23, 2012, Titan filed suit against State Farm seeking reimbursement pursuant to MCL 500.3175(2). Notably, Titan commenced its lawsuit precisely two years after having been assigned Sterling's claim. MCL 500.3175(3) provides that an insurer assigned a claim by the MACP may not seek reimbursement from a third party "after the later of 2 years after the assignment of the claim to the insurer or 1 year after the date of the last payment to the claimant."

State Farm apparently knew Titan's lawsuit was coming, and had embarked on its own research. In March 2011, State Farm sent two identical letters to third-party defendant Affirmative Insurance, at two different addresses, as follows:

Re: Claim Number: 22-C415-773
Date of Loss: 6/30/2010
Our Insured: FRANK WARD
Patient's Name: MATTHEW STERLING
Policy Number: 2583-787-22

To whom it may concern:

Our records show that Matthew Sterling took out an automobile insurance policy with you with a policy term of 5/12/2010 through 11/12/2010 but it canceled around 7/12/2010. The VIN of the described 1995 Chevrolet is [].

We need verification that this automobile policy was active on the date of the accident 6/30/2010 as our records indicate he held an active automobile policy with you.

Please provide us the termination as to what date the policy terminated.

Thank you in advance for your cooperation.

In August 2011, Affirmative paid an Oakwood Hospital emergency room charge related to Sterling.

On March 27, 2013, State Farm filed a third-party complaint against Affirmative, alleging that an Affirmative no-fault policy covered Sterling at the time of the accident, thereby placing Affirmative in higher priority than State Farm. Titan, State Farm and Affirmative all moved for summary disposition. Affirmative asserted that State Farm's claim was time-barred under MCL 500.3145(1), which sets forth both a one-year statute of limitations for subrogation claims between no-fault insurers and a "one-year-back" rule generally limiting recovery for such claims to benefits paid within the year previous to the commencement of the action. State Farm responded with a trio of arguments: it had provided notice of the claim to Affirmative within one year of Sterling's accident, Affirmative's 2011 payment tolled the statute of limitations, and State Farm had not incurred any expense and would not do so until the circuit court granted summary disposition on Titan's claim.

The circuit court granted Titan summary disposition and judgment in the amount of $45,664.27 against State Farm and, in turn, granted State Farm summary disposition and judgment in the amount of $45,664.27 against Affirmative. The court reasoned that MCL 500.3145(1) did not bar State Farm's claim for reimbursement against Affirmative because State Farm only "incurred" an expense related to Sterling's no-fault claim on the day of the hearing, when Titan obtained judgment against State Farm. Affirmative now appeals.

II.

The parties agree that State Farm's ability to prosecute this action rises or falls on whether MCL 500.3145(1) bars its claim. We review this question de novo. *Stephens v Worden Ins Agency, LLC*, 307 Mich App 220, 227; 859 NW2d 723 (2014).[1]

MCL 500.3145(1) provides:

> An action for recovery of personal protection insurance [(PIP)] benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury *unless* written notice of injury as provided herein has been given to the insurer within 1 year after the accident *or unless* the insurer has previously made a payment of [PIP] benefits for the injury. If the notice has been given or a payment has been made, the action may be commenced at any time within 1 year *after* the most recent allowable expense, work loss or survivor's loss has been incurred. However, *the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced.* The notice of injury required by this subsection may be given to the insurer or any of its authorized

---

[1] Affirmative has also appealed the circuit court's order granting summary disposition to Titan as against State Farm. We find no merit in Affirmative's arguments, as Titan's claim against State Farm indisputably was timely under MCL 500.3175(3).

agents by a person claiming to be entitled to benefits therefor, or by someone in his behalf. The notice shall give the name and address of the claimant and indicate in ordinary language the name of the person injured and the time, place and nature of his injury. [Emphasis added.]

Our Supreme Court has summarized that this statute:

contains two limitations on the time for filing suit and one limitation on the period for which benefits may be recovered:

(1) An action for personal protection insurance [PIP] benefits must be commenced not later than one year after the date of accident, *unless* the insured gives written notice of injury or the insurer previously paid [PIP] benefits for the injury.

(2) *If* notice has been given or payment has been made, the action may be commenced at any time within one year after the most recent loss was incurred.

(3) Recovery is limited to losses incurred during the one year preceding commencement of the action. [*Devillers v Auto Club Ins Ass'n*, 473 Mich 562, 574; 702 NW2d 539 (2005), quoting *Welton v Carriers Ins Co*, 421 Mich 571, 576; 365 NW2d 170 (1984) (emphasis in original).]

In *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 208; 815 NW2d 412 (2012), the Court reiterated that a claimant seeking PIP benefits must file a claim "within a year of the accident unless the insured gives written notice of injury or previously received PIP benefits from the insurer. If notice was given or payment was made, the action can be commenced within one year of the most recent loss." If one of the requirements for late-filing is met, "recovery is limited only to losses that have been incurred during the year before the filing of the action." *Id.*

State Farm concedes that MCL 500.3145(1) governs the timing of its claim against Affirmative. In *Titan Ins v North Pointe Ins Co*, 270 Mich App 339, 343-343; 715 NW2d 324 (2006), this Court explained that when a no-fault insurer has paid PIP benefits and then seeks reimbursement from a higher-priority insurer, the paying insurer is subrogated to the *claimant's* cause of action. "Equitable subrogation is a legal fiction through which a person who pays a debt for which another is primarily responsible is substituted or subrogated to all the rights and remedies of the other." *Commercial Union Ins Co v Med Protective Co*, 426 Mich 109, 117; 393 NW2d 479 (1986). Pursuant to long-standing subrogation principles, the paying insurer has no greater rights than the claimant. *Titan Ins*, 270 Mich App at 344-345. Belated discovery of the existence of a primary insurer does not operate to equitably toll the statute of limitations. *Id.* at 345. See also *Devillers*, 473 Mich at 586. A no-fault insurer's claim for reimbursement on a subrogation theory is subject to the one-year statute of limitations set forth by MCL 500.3145(1), as unyielding as that rule may be. *Titan Ins*, 270 Mich App at 343.

The statute of limitations portion of MCL 500.3145(1) commands that an action for first-party PIP benefits "may not be commenced later than 1 year after the date of the accident causing the injury" unless either of two exceptions is established. The first exception is triggered

-4-

when "written notice of injury as provided herein has been given to the insurer within 1 year after the accident[.]" The second exception comes into play when "the insurer has previously made a payment of [PIP] benefits for the injury." We find neither exception applicable here.

State Farm vigorously contends that its two letters to Affirmative, quoted in their entirety above, constituted "written notice" supplied within the first year after Sterling's accident. We cannot agree, as the information provided in the letters falls far short of that required by MCL 500.3145(1).

The "notice" demanded by the No-Fault Act must include "the name and address of the claimant and indicate in ordinary language the name of the person injured and the time, place and nature of his injury." MCL 500.3145(1). State Farm's letters omitted Sterling's address and presented no information whatsoever regarding the place or the nature of Sterling's injury. State Farm urges that despite these obvious deficiencies *Dozier v State Farm Mut Automobile Ins Co*, 95 Mich App 121; 290 NW2d 408 (1980), allows that "substantial compliance" was all that was required. It is true enough that in *Dozier*, this Court stated that "substantial compliance with the written notice provision which does in fact apprise the insurer of the need to investigate" and to assess its liability "is sufficient compliance under § 3145(1)." *Id.* at 128. But given the Supreme Court's more recent opinions in notice cases such as *Rowland v Washtenaw Co Rd Comm'n*, 477 Mich 197; 731 NW2d 41 (2007), *DeFrain v State Farm Mut Automobile Ins Co*, 491 Mich 359; 817 NW2d 504 (2012), and *Atkins v Suburban Mobility Auth for Regional Transp*, 492 Mich 707; 822 NW2d 522 (2012), we doubt that *Dozier* would withstand textual scrutiny. We need not enter those waters, as in *Dozier* the defendant insurer "waive[d] its right to assert the insufficiency of the notice" by acknowledging receipt of the letter and requesting additional information. These facts readily distinguish *Dozier* from this case. Because State Farm's letters to Affirmative lacked any basic information regarding the place or the nature of Sterling's injuries, we reject that State Farm substantially complied with MCL 500.3145(1). [2]

State Farm fares no better with its second argument, that Affirmative's August 2011 payment of Sterling's emergency room bill entitled Sterling (or State Farm) to commence an action "at any time within one year after the most recent allowable expense was incurred." In *Jesperson v Auto Club Ins Ass'n*, 306 Mich App 632, 645; 858 NW2d 105 (2014), this Court held that only a payment made *within the first year after a claimant's accident* triggers the second statutory exception, which permits filing a lawsuit more than one year after the accident when "the insurer has previously made a payment of personal protection insurance benefits for the injury." MCL 500.3145(1). Affirmative's payment was made more than one year after Sterling's accident. We note that our Supreme Court has granted leave to appeal in *Jesperson*, and requested that the parties brief the question of "whether [the defendant's] payment of benefits to the plaintiff more than one year after the date of the accident satisfied the second

---

[2] State Farm insists that because an Affirmative claims adjuster apparently telephoned Sterling to request information about the accident, *Dozier* applies. This fact did not relieve State Farm of its obligation to provide Affirmative with "*written* notice" of the claim. Nor does the phone call constitute an acknowledgment of potential liability.

exception to the one-year statute of limitations established in the first sentence of § 3145(1)." *Jesperson v Auto Club Ins Ass'n*, 497 Mich 987; 861 NW2d 47 (2015). The Supreme Court's order granting leave does not diminish *Jesperson*'s precedential effect. MCR 7.215(C)(2).

Because neither exception to the statute of limitations applied, State Farm's subrogation claim against Affirmative was barred by MCL 500.3145(1).[3] Hence, the circuit court erred by granting summary disposition to State Farm instead of granting Affirmative's cross-motion for summary disposition based on MCL 500.3145(1).

We reverse and remand for entry of an order granting Affirmative's cross-motion for summary disposition against State Farm, and we vacate the circuit court's judgment in the amount of $45,664.27 to State Farm against Affirmative. Affirmative may tax its costs pursuant to MCR 7.219.

/s/ Amy Ronayne Krause
/s/ Elizabeth L. Gleicher
/s/ Cynthia Diane Stephens

---

[3] State Farm's argument that its claim did not "accrue" until the circuit court granted summary disposition in Titan's favor also lacks merit. In essence, State Farm argues (and the circuit court ruled) that the statute of limitations was tolled until State Farm was officially "on the hook" for Sterling's PIP benefits. MCL 500.3145(1) contains no such tolling provision, however, which indicates that the Legislature intended the time limits erected in the statute "to be comprehensive and exclusive." See *Trentadue v Buckler Automatic Lawn Sprinkler Co*, 479 Mich 378, 391; 738 NW2d 664 (2007). Absent a rule tolling or delaying the accrual of a claim such as State Farm's, the courts "may not employ an extrastatutory discovery rule to toll accrual in avoidance of the plain language" of the governing statute. *Id*. at 391-392.

-6-