NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0126n.06
No. 23-1798

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| ELIJAH DEQUON SPANN, | ) | **FILED** |
| Plaintiff , | ) | Mar 15, 2024 |
| | ) | KELLY L. STEPHENS, Clerk |
| v. | ) | |
| | ) | ON APPEAL FROM THE |
| EMPIRE FIRE & MARINE INSURANCE COMPANY, | ) ) | UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| Defendant - Appellant, | ) | |
| | ) | OPINION |
| ALLSTATE INSURANCE COMPANY, | ) | |
| Defendant - Appellee. | ) ) | |

Before: COLE, CLAY, and BLOOMEKATZ, Circuit Judges.

BLOOMEKATZ, Circuit Judge. Elijah Spann crashed his rented Chevrolet Malibu outside Detroit, Michigan. Empire, which insured the car, thought it had to pay for Spann's medical bills and lost wages under its policy, so it did. As it turns out, Spann was driving for Uber when he collided, and Empire's policy does not cover rideshare crashes. Instead, Uber's policy with Allstate covers the crash. More than a year after the collision, Empire brought this lawsuit to get Allstate to reimburse it for the insurance benefits it had mistakenly paid. But the district court granted Allstate summary judgment because Empire's claims were untimely under Michigan's No-Fault Auto Insurance Act. We affirm.

## BACKGROUND

The facts are not in dispute. Elijah Spann was a Detroit-area Uber driver. He rented his car from Maven Drive LLC, a car-sharing business that rented vehicles to individuals for rideshare or

delivery work and for personal use. Maven had a collision insurance policy issued by Empire Fire & Marine Insurance Company. Empire's policy covered Spann's personal use of the car when he was not logged in to a rideshare app. But that doesn't mean he had no coverage while driving for Uber. Under Michigan law, rideshare companies must carry auto insurance for their drivers. Mich. Comp. Laws § 257.2123(2)(b). So, when Spann was driving for Uber, he was covered by Uber's policy with Allstate Insurance Company.

On July 29, 2019, Spann and another driver collided in Hamtramck, Michigan. The police report from the scene showed Spann did not suffer any serious injuries and refused an ambulance. A month later, Spann had persistent pain from the accident, and he sought medical treatment. Over time, the costs of his medical treatment and lost wages added up to hundreds of thousands of dollars.

Spann and his medical providers began to submit insurance claims to Empire. Before paying any of Spann's claims, Empire asked Uber whether Spann was on its app at the time of the accident. Uber incorrectly told Empire that Spann was not logged in when the accident occurred, so Empire began to pay personal injury protection benefits as though Spann was covered by its policy. Empire says Spann and his healthcare providers have submitted claims for roughly $377,000 in medical benefits and lost wages, of which Empire has paid approximately $225,000.

This case began in February 2021, when Spann sued Empire in state court for denial of benefits under the Michigan No-Fault Auto Insurance Act ("No-Fault Act"), Mich. Comp. Laws §§ 500.3101–3179. That law governs all auto insurance policies for motor vehicles required to be registered in Michigan. *Id*. § 3101(1). Empire removed the case to the United States District Court for the Eastern District of Michigan, invoking the court's diversity jurisdiction.

Meanwhile, some of Spann's providers had brought other actions against Empire for denial of benefits. In August 2021, through one of those other lawsuits, Empire discovered that Spann *was* logged into Uber at the time of the accident. Spann filed an amended complaint in April 2022, adding Allstate as a defendant in this case. It is undisputed that the amended complaint is the first time Allstate received notice that Spann was injured in the July 2019 accident and that it could therefore be liable to pay benefits for claims related to the accident.

Empire answered and filed a cross complaint against Allstate, seeking reimbursement for all the benefits Empire paid when it thought Spann was entitled to them under its policy. The parties cross-moved for summary judgment. As relevant here, the district court held that the one-year limitations period of the No-Fault Act barred Empire's action, so it granted Allstate's motion for summary judgment as to the cross complaint. Empire timely appealed.

## ANALYSIS

We review the district court's order granting Allstate summary judgment de novo. *Anton v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 634 F.3d 364, 367 (6th Cir. 2011). Summary judgment is proper if the movant shows there are no genuine disputes of material fact and it is therefore entitled to judgment as a matter of law. *Id*. (citing Fed. R. Civ. P. 56(c)). Michigan law applies to this diversity dispute. *Id*.

The only question we must answer in this appeal is whether the No-Fault Act's one-year limitations period applies to Empire's claim against Allstate. *See* Mich. Comp. Laws § 500.3145. Empire seeks reimbursement from Allstate for the benefits Empire mistakenly paid to Spann when it thought its policy covered his losses from the July 2019 accident. Empire argues that the one-year limitations period from the No-Fault Act does not apply because it was never on the hook to pay Spann No-Fault auto insurance benefits in the first place.

The No-Fault Act's one-year statute of limitations states: "An action for recovery of personal protection insurance benefits payable under this chapter for an accidental bodily injury may not be commenced later than 1 year after the date of the accident that caused the injury . . . ." Mich. Comp. Laws § 500.3145(1). There are two exceptions to this one-year limitations period: (1) if the insured gives written notice of the injury within a year of the accident; or (2) the insurer has begun to pay benefits within a year of the accident. *Id.*; *see also Perkovic v. Zurich Am. Ins. Co.*, 893 N.W.2d 322, 325–26 (Mich. 2017). On appeal, Empire does not dispute that it commenced its action against Allstate more than a year after the date of Spann's accident and that neither exception applies here. Accordingly, if the one-year limitations period applies to Empire's suit, it loses.

Empire's suit to recover the benefits that Allstate owed under its policy is properly considered a subrogation action under Michigan law. *Esurance Prop. & Cas. Ins. Co. v. Mich. Assigned Claims Plan*, 968 N.W.2d 482, 488–89, 490–91 (Mich. 2021). A subrogation action allows an insurer who mistakenly paid "a debt for which another is primarily responsible" to assert the rights of the insured party under the correct policy. *Id.* at 489. Michigan courts have often described it as a "legal fiction" that permits the party seeking reimbursement "to stand in the shoes of" the party entitled to benefits under another policy. *Id.* at 486 n.7 (citation omitted).

Empire's ability to recover depends on Spann's rights under Allstate's auto insurance policy. *See id.* at 488–89. After all, Allstate does not owe a duty to Empire, and the only way Empire can sue Allstate under Spann's policy is by standing in Spann's shoes. Thus, Empire is bound by Spann's obligations under the policy and the laws that govern it. *Titan Ins. Co. v. N. Pointe Ins. Co.*, 715 N.W.2d 324, 326–27 (Mich. Ct. App. 2006) (citing *Devillers v. Auto Club Ins. Ass'n*, 702 N.W.2d 539, 547–51 (Mich. 2005)). Critically, that includes any limitations period.

*Id.* As the Michigan Court of Appeals made clear in *Titan Insurance Co. v. North Pointe Insurance Co.*, the one-year limitations period in the No-Fault Act applies to a subrogation action asserting an insured's right to No-Fault benefits just as it would apply to an action by the insured party itself. *Id.* at 326–27.

Following *Titan*, because the one-year limitations period governs Spann's policy with Allstate, it also applies to Empire's subrogation action to seek reimbursement for benefits owed under that policy. To recover personal injury protection benefits under the Allstate policy, Spann had to bring an action within a year of the accident, or otherwise meet the No-Fault Act's exceptions to the one-year limitations period. *See* Mich. Comp. Laws § 500.3145(1). As the district court held, Spann is barred from collecting personal injury protection benefits from Allstate because he missed the one-year window. Likewise, Empire—standing in Spann's shoes—is too late with its subrogation action, which it initiated well after the one-year mark. Accordingly, the district court did not err in granting Allstate summary judgment based on the No-Fault Act's statute of limitations.[1]

None of Empire's counterarguments are persuasive. First, Empire argues that *Titan* applies only to priority disputes, which occur when multiple insurance policies cover a car accident, and one insurer must pay first. 715 N.W.2d at 325; *see* Mich. Comp. Laws § 500.3114(5) (setting order of payment priority). Empire emphasizes that this case does not involve a priority dispute because Empire had no duty to pay Spann benefits under its policy. *Titan*'s reasoning, however, is not limited to priority disputes, and its holding covers subrogation claims generally. *See* 715 N.W.2d at 326–27; *see also Esurance*, 968 N.W.2d at 490 (insurer that was not in the order of priority

---

[1] Because existing Michigan law is directly on point, we decline Empire's invitation to certify this question to the Michigan Supreme Court. *Cf. Morrissette v. Indian Harbor Ins. Co.*, No. 359503, 2022 WL 17072815, at *2–4 (Mich. Ct. App. Nov. 17, 2022).

could nonetheless pursue a claim for equitable subrogation and had "no greater rights than those possessed by [the subrogor]"). *Titan* followed the established principle that a party bringing a subrogation action stands in the shoes of the insured and is thus limited by the scope of the insured's rights, recognizing that a right to No-Fault benefits is always subject to the Act's one-year bar. *Id*. Since Empire's action against Allstate depends on Spann's rights to No-Fault benefits, the Act's one-year bar applies. *See Morrissette v. Indian Harbor Ins. Co.*, No. 359503, 2022 WL 17072815, at *2–4 (Mich. Ct. App. Nov. 17, 2022) (applying settled Michigan law to bar action against belatedly discovered rideshare insurer).

Next, Empire argues that the one-year bar applies only to subrogation actions seeking "benefits payable under" the No-Fault Act, and instead characterizes its suit as a common law action for "recoupment" of monies "mistakenly paid." Appellant Br. at 8, 14 (quoting Mich. Comp. Laws § 500.3145(1)). Empire then cites several cases in which Michigan courts have applied the state's general six-year statute of limitations when auto insurers seek reimbursement from other insurers based on the other insurer's policy. But the nature of Empire's claim depends on the relief sought, not what it is called. *See Auto Club Ins. Ass'n v. N.Y. Life Ins. Co.*, 485 N.W.2d 695, 699 (Mich. 1992). As *Titan* held, even if the plaintiff-insurer "paid the benefits by mistake," a claim seeking No-Fault benefits "is still one of subrogation and subject to the limitations period in [the No-Fault Act]." 715 N.W.2d at 328. In the cases Empire cites, the one-year bar did not apply because the party sought reimbursement based on the insured's rights under policies not governed by the No-Fault Act's limitations period. *See N.Y. Life Ins. Co.*, 485 N.W.2d at 700 (auto insurer asserted insured's rights to health insurance benefits under health and accident contract governed by different provision of Michigan insurance laws); *Hofmann v. Auto Club Ins. Ass'n*, 535 N.W.2d 529, 558 (Mich. Ct. App. 1995) (same); *Auto Club Ins. Ass'n v. Health All. Plan*, No. 2:07–cv–

14839, 2009 WL 236064, at *3–4 (E.D. Mich. Jan. 29, 2009) (auto insurer asserted insured's rights to receive ERISA benefits). By contrast, there is no dispute that Allstate's policy that covers Uber drivers is governed by the No-Fault Act.

Finally, Empire argues it would frustrate the goals of the No-Fault Act to apply the limitations period here. It points out that one of the statute's goals is to encourage insurers to pay "benefits to [personal injury] claimants promptly and sort out priority and reimbursement issues later." *Esurance*, 968 N.W.2d at 493. It underscores that Uber incorrectly told Empire that Spann was not logged into the app during the collision and contends that applying the one-year bar to insurers who mistakenly paid benefits would incentivize insurers to withhold payment until liability is conclusively established. But Michigan courts have rejected these fairness and policy-based arguments and consistently applied the one-year bar to any action to recover No-Fault benefits, even claims by insurers that are late—through no fault of their own—to discover they don't owe any benefits. *See Titan*, 715 N.W.2d at 328 (holding that the statute does not have a "separate limitations period" for claims paid by "mistake"); *see also Morrissette*, 2022 WL 17072815, at *4; *Button v. Progressive Mich. Ins. Co.*, Nos. 314836, 319312, 2014 WL 4375729, at *3 (Mich. Ct. App. Sept. 4, 2014); *Geico Direct v. Allstate Ins. Co.*, No. 267504, 2006 WL 1716743, at *2 (Mich. Ct. App. June 22, 2006).

Spann has visited many different medical providers, and some of them asserted actions against Empire and Allstate similar to this one. In each case, Empire has argued that Allstate should pay despite the No-Fault Act's one-year bar. And each court to consider the argument has rejected it. *Spine Specialists of Mich., P.C. v. Empire Fire & Marine Ins. Co.*, No. 21-10496, 2023 WL 4489428, at *1 (E.D. Mich. July 11, 2023); *Wook Kim MD v. Allstate Ins. Co.*, No. 21-2430 (Mich. D. Ct. Sept. 21, 2022) (Order Granting Allstate's Mot. Summ. J.); *Michigan Head & Spine Inst.,*

No. 23-1798, *Spann v. Empire Fire & Marine Ins. Co.; Allstate Ins. Co.*

*P.C. v. Allstate Ins. Co., et al.*, No. 22-015393-AV (Mich. Cir. Ct. Apr. 11, 2023) (Order Granting Allstate's Appeal). We join them—the No-Fault limitations period applies to and bars Empire's subrogation claim against Allstate.

## CONCLUSION

For these reasons, we affirm the judgment of the district court.