*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

D. SCOTT TEETOR and LAUREN TEETOR,

      Plaintiffs/Counterdefendants-
      Appellees,

v

BRADLEY COCHRANE and LAUREN LOSSING,
also known as LAUREN COCHRANE,

      Defendants/Counterplaintiffs/Cross-
      Plaintiffs-Appellants,

and

ST. CLAIR COUNTY DRAIN COMMISSIONER,
ST. CLAIR COUNTY FOIA COORDINATOR, and
DANIEL S. TEETOR, SR.,

      Cross-Defendants/Appellees.

UNPUBLISHED
June 18, 2026
9:18 AM

Nos. 370690; 370766
St. Clair Circuit Court
LC No. 22-001403-CZ

Before: TREBILCOCK, P.J., and CAMERON and LIEVENSE, JJ.

PER CURIAM.

Defendants raise a host of unmeritorious claims of appeal in this property dispute between neighbors over the placement of raised garden boxes. We affirm.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The parties are intimately familiar with this protracted dispute and provide exhaustive detail on all its twists and turns. Much of that, however, distracts from the pertinent facts and procedural history relevant to this appeal, which we set forth here in summary fashion.

At its core, this case concerns a property dispute between neighbors, plaintiffs, Daniel and Lauren Teetor, and defendants, Bradley Cochrane and Lauren Lossing (now Cochrane). Plaintiffs commenced a two-count, four-page quiet title and trespass action against defendants for their

-1-

having built and maintained elevated garden boxes on plaintiffs' property. That complaint generated thousands of pages in filings;[1] numerous lengthy proceedings; and the addition of third parties, including the St. Clair County Drain Commissioner and the St. Clair County FOIA Coordinator. Just a select few of the lower court's proceedings are relevant for our purposes, none of which relate to the merits of whether defendants encroached on plaintiffs' property.

First, defendants' litigation conduct—copious filings that plaintiffs think are beyond frivolous—caused plaintiffs to believe that defendants were merely attempting to "run up the bill" in an effort to force a settlement. So they moved for a $50,000 security for costs under MCR 2.109. In response, defendants largely characterized the conduct of plaintiffs' attorney, Charles M. Penzien, as criminal and extortive behavior. The trial court granted the motion—it noted defendants' "voluminous" filings, commented that she had "never seen anything like this" as a judge, suggested that there could be "a significant abuse of process on [defendant Bradley Cochrane's] part," and found that plaintiffs were reasonably concerned that they would have to expend significant costs on frivolous claims.

The trial court also denied defendants' motion to disqualify her. Defendants contended that the trial court was biased, that there existed an appearance of impropriety, and that she had a conflict of interest. On de novo review, the chief judge found the motion to disqualify not meritorious and denied it.

Concerning dispositive rulings, the trial court denied defendants' motions for summary disposition under MCR 2.116(C)(6), (8), and (10); granted the Drain Commissioner's motion for summary disposition under (C)(8); and denied defendants' motion for leave to file an amended complaint (which sought to again add the Drain Commissioner—and six claims against him—to this litigation, along with nine other counts against others). The trial court also granted plaintiffs' motions for entry of default and default judgment, as well as plaintiffs' motion for attorneys' fees.

These consolidated appeals by right followed.

## II. JUDICIAL DISQUALIFICATION

We turn first to judicial disqualification. As pertinent here, MCR 2.003(C)(1)(a), (b), and (g) provide that a judge should be disqualified if

> (a) The judge is biased or prejudiced for or against a party or attorney[;]

> (b) The judge, based on objective and reasonable perceptions, had either (i) a serious risk of actual bias impacting the due process right of a party as enunciated in *Caperton v Massey*, 556 US 868; 129 S Ct 2252; 173 L Ed 2d 1208 (2009), or

---

[1] As but one example, defendants filed a 101-page-long counter/cross complaint (411 pages if counting exhibits), which contained 269 paragraphs and raised 11 counts. Defendant Bradley Cochrane is a licensed attorney and represents himself and Lauren in this action.

(ii) has failed to adhere to the appearance of impropriety standard set forth in Canon 2 of the Michigan Judicial Conduct[; or]

* * *

(g) The judge or the judge's spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

(i) is a party to the proceeding, or an officer, director, or trustee of a party;

(ii) is acting as a lawyer in the proceeding;

(iii) is known by the judge to have a more than de minimis interest that could be substantially affected by the proceeding;

(iv) is to the judge's knowledge likely to be a material witness in the proceeding.

"When this Court reviews a motion to disqualify a judge, the trial court's findings of fact are reviewed for an abuse of discretion; however, the applicability of the facts to relevant law is reviewed de novo." *Armstrong v Ypsilanti Twp*, 248 Mich App 573, 596; 640 NW2d 321 (2001). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Moore v Secura Ins*, 482 Mich 507, 516; 759 NW2d 833 (2008).

As far as we can discern, defendants assert that recusal was warranted on the basis of four grounds: (1) the ongoing representation of the trial judge by the Drain Commissioner's law firm, (2) the trial judge engaged in extortive behavior by granting plaintiffs' motion for security for costs, (3) the trial judge admitted to ex parte communications with the Drain Commissioner's legal counsel, and (4) the trial judge's certified "false certifications" used to "materially support[]" the final orders in this case.[2] We find defendants' judicial disqualification objections without merit.

Defendants first assert that there exists an ongoing relationship between the trial judge and the law firm representing the Drain Commissioner, pointing to the ongoing existence of federal litigation, *Lindke v Lane*, No 19-cv-11905 (ED Mich), as proof enough. But below, the trial judge affirmatively stated that any representation ceased more than a year before plaintiffs filed this action, and defendants offered no evidence to show that such a relationship continued thereafter. Indeed, the record reflects that the trial judge was dismissed from that case; is no longer being represented by the Drain Commissioner's law firm; and when the plaintiff in that case filed an

---

[2] Defendants' second issue presented on appeal also implicates the disqualification of the trial judge, and they assert that disqualification was warranted because the judge's actions violated defendants' rights to free speech and due process. They abandoned the former by failing to raise any argument in their brief, see *Yee v Shiawassee Co Bd of Comm'rs*, 251 Mich App 379, 406; 651 NW2d 756 (2002), and forfeited the latter by failing to cogently develop a due process argument on appeal, see *Peterson Novelties, Inc v City of Berkley*, 259 Mich App 1, 14; 672 NW2d 351 (2003).

amended complaint, the trial judge was no longer listed as a party. Without supportive facts or a cogent argument to the contrary, we cannot agree with defendants on this score.[3]

Defendants' contention that the granting of the motion for security is equivalent to extortion is equally without merit. Extortion occurs "when a defendant maliciously threatens to injure another person with the intent to compel that person to do any act against his will, without regard to the significance or seriousness of the compelled act." *People v Harris*, 495 Mich 120, 123; 845 NW2d 477 (2014). Granting a security bond pursuant to MCR 2.109 is not a malicious threat to injure another person, and defendants cite no authority for that proposition. And more critically, the appellate process affords dissatisfied litigants the ability for this Court and our Supreme Court to review the issuance of a security bond. Defendants did not take advantage of that mechanism, and we reject their attempt to collaterally attack the trial court's ruling via disqualification. See *Ireland v Smith*, 214 Mich App 235, 249; 542 NW2d 344 (1995) ("A trial judge's erroneous ruling, even when 'vigorously and consistently expressed,' is not grounds for disqualification.") (citation omitted), aff'd and mod on other grounds 451 Mich 457 (1996).

Next, defendants assert the trial judge's email exchange with the Drain Commissioner's counsel merited disqualification. But they failed to raise it in their motion for disqualification before the trial court and they do not cite anything in the record supporting this contention. See *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, 347 Mich App 280, 283-294; 14 NW3d 472 (2023) (discussing the raise-or-waive rule); *Wilson v Taylor*, 457 Mich 232, 243; 577 NW2d 100 (1998) ("It is not sufficient for a party simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position.") (quotation marks and citation omitted).

The last reason for disqualification is defendants' apparent contention that the trial judge made false statements below, like in this order entered on April 24, 2024, denying defendants' various motions: "The court further notes that Defendants' Objections and Motions in connection with Plaintiffs' proposed Judgment fail to comply with the requirements set forth in the above Court Rule [MCR 2.602], as Defendants failed to object to the accuracy or completeness of Plaintiffs' proposed Default Judgment and also failed to provide an alternative proposed Default Judgment." Defendants forfeited this contention by failing to raise it below. See *Tolas Oil & Gas*, 347 Mich App at 283-294. And even if they had, we construe defendants' argument here as taking

---

[3] Somewhat relatedly, defendants assert that the chief judge did not possess a certain transcript to fully review defendants' motion for disqualification. The record demonstrates otherwise—the chief judge's opinion and order states that he "reviewed the Defendants' motion and brief, the voluminous exhibits attached to the motion, the Plaintiffs' response to the motion *and the transcript from the hearing on the motion that was held on May 2, 2023*." (Emphasis added.) Defendants suggest otherwise, focusing on the portion of the opinion in which the chief judge states, "No record evidence of the proceedings were provided to this Court of review *other than from the hearing on the motion*." (Emphasis added.) But that statement simply notes that he did not have access to anything from the lower court file in this case, except for the materials that were related to the hearing on the motion to disqualify, which included the transcript of the hearing.

-4-

issue with the merits of a court ruling, which is not a ground for disqualification. See *Ireland*, 214 Mich App at 249.

In sum, defendants have failed to show that the trial judge should have been disqualified.

### III. SUMMARY DISPOSITION

Defendants argue that the trial court erred when it denied their motion for summary disposition under MCR 2.116(C)(8). On de novo review, *Odom v Wayne Co*, 482 Mich 459, 466; 760 NW2d 217 (2008), we disagree.

Summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of the challenged complaint. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). The motion is properly granted if "[t]he opposing party has failed to state a claim upon which relief can be granted." MCR 2.116(C)(8). When deciding a motion under this subrule, "this Court accepts all well-pleaded factual allegations as true and construes them in a light most favorable to the nonmoving party." *Dalley v Dykema Gossett, PLLC*, 287 Mich App 296, 304-305; 788 NW2d 679 (2010). "A motion under MCR 2.116(C)(8) may only be granted when a claim is so clearly unenforceable that no factual development could possibly justify recovery." *El-Khalil*, 504 Mich at 160.

On appeal, defendants suggest that because *their* pleadings purportedly show that they should prevail on a factual basis, the trial court erred in not granting them summary disposition on *plaintiffs'* claims. But a motion for summary disposition under (C)(8) looks to the *challenged complaint* to see if the claims asserted are legally sufficient. See *Feyz v Mercy Mem Hosp*, 475 Mich 663, 672; 719 NW2d 1 (2006). So having failed to address the adequacy of the allegations contained in plaintiffs' complaint, defendants have forfeited our review of this issue. See *Wilson*, 457 Mich at 243. And regardless, we agree with the trial court that plaintiffs' complaint is legally sufficient. They allege that defendants were maintaining planter boxes on plaintiffs' property contrary to plaintiffs' wishes, which satisfies the elements of trespass. See *Dalley*, 287 Mich App at 315 ("A trespass is an unauthorized invasion on the private property of another.").

### IV. MOTIONS FOR LEAVE TO AMEND

Defendants next argue that the trial court erred when it denied their motions to amend their counterclaim to include third-party claims against the Drain Commissioner and to correct the reference to cross-defendant Daniel S. Teetor, Sr. On abuse of discretion review, *Titan Ins v North Pointe Ins*, 270 Mich App 339, 346; 715 NW2d 324 (2006), we cannot agree for one simple reason—defendants failed to file a proposed amended complaint, see MCR 2.118(A)(4); *Grayling Twp v Berry*, 329 Mich App 133, 151-152; 942 NW2d 63 (2019) (a trial court does not abuse its discretion by denying the motion for leave to amend when the movants fail to file a proposed amendment in writing). We will not save defendants from that fundamental error.

### V. DEFAULT

Defendants' fifth question presented on appeal deserves brief discussion: "Did Judge Lane abuse her discretion by consolidating distinguishable interests of cross defendant, Daniel Spence

Teetor, into default and default judgment attaching personal jurisdiction to these availed interests argued by attorney Penzien violating MCR 2.201(B) not as the real party?" Defendants' arguments on this issue are largely undecipherable; indeed, they affirmatively disclaim putting meat to the bones of this claim of appeal, writing "Appellants do not have the words to take that dive and instead unequivocally declare Judge Lane abused her discretion by allowing Attorney Penzien's phantom representation leading to Default Judgment favoring Appellees' common enterprise of omission and the Star Chamber at large." (Emphasis omitted.) We accordingly deem this unpreserved for our review. See *Wilson*, 457 Mich at 243.

## VI. ATTORNEY FEES

That takes us to the last issue, the trial court's award of $2,800 in attorney fees to plaintiffs. Defendants do not challenge the fee amount and instead argue as erroneous the trial court's frivolous finding in the first instance, as well as its decision to not sanction plaintiffs. We cannot agree.

This Court reviews a trial court's decision to award costs and attorney fees for an abuse of discretion. *Keinz v Keinz*, 290 Mich App 137, 141; 799 NW2d 576 (2010). However, when a trial court's decision to sanction a litigant is premised on a finding of frivolousness, such a decision is reviewed for clear error. *Kitchen v Kitchen*, 465 Mich 654, 661; 641 NW2d 245 (2002). "A decision is clearly erroneous where, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made." *Id*. at 661-662. Further, the proper interpretation and application of court rules is a question of law this Court reviews de novo. *ISB Sales Co v Dave's Cakes*, 258 Mich App 520, 526; 672 NW2d 181 (2003).

Under the "American rule," attorney fees generally are not recoverable as costs in the absence of an exception set forth by statute or court rule expressly authorizing such an award. *Haliw v City of Sterling Hts*, 471 Mich 700, 707; 691 NW2d 753 (2005). Although plaintiffs did not specifically cite authority for frivolous filings, see e.g., MCL 600.2591; MCR 1.109(E)(7), we discern no error in the trial court's determination that plaintiffs sought such a determination and sanction. Nor did the trial court clearly err in awarding fees. A casual review of defendants' lengthy filings in this case demonstrate that the claims and arguments raised were vexatious, frivolous, and objectively incapable of comprehension in most instances. While defendants may have clarity in their minds of how their various claims and theories are related and relevant, that was not conveyed in their filings. Nor have they specifically set forth why the trial court's frivolous finding was clearly erroneous.

## VII. CONCLUSION

For these reasons, we affirm the trial court's judgment. Plaintiffs and the St. County Drain Commissioner, as the prevailing parties on appeal, may tax costs pursuant to MCR 7.219(A).

/s/ Christopher M. Trebilcock
/s/ Thomas C. Cameron
/s/ Andrew J. Lievense

-6-